FILED
JAN 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case: 1:07-cv-00502 Document #: 1 Filed: 01/26/07 Page 1 of 5 PageID #:1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY TWINE,<br>      Plaintiff,<br><br>Vs.<br><br>LASSETTER & ASSOCIATES, INC.<br>CHICAGO AUTO RECOVERY,<br>GARY ROBERTS,<br>      Defendants | )<br>)<br>) **07CV502**<br>) **JUDGE GOTTSCHALL**<br>) **MAG. JUDGE NOLAN**<br>)<br>) Jury Demanded<br>)<br>) |

## COMPLAINT

Comes now the plaintiff, ANTHONY TWINE, by his attorney, Roderick F. Mollison, and respectfully represents,

## JURISDICTION

1. The jurisdiction of the United States district court is invoked by the federal question doctrine, 28 USCS 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, Laws or Treaties of the United States; also under the doctrine of pendant, ancilliary jurisdiction as to certain related state causes of action set forth in the complaint.

2. This action is brought under the federal Debt Collection Practices Act, 15 USCS 1692 et seq., in particular 15 USCS 1692b, 1692c, 1692d, 1692e and under Illinois state common law for the state related claims.

## VENUE

3. All of the acts set forth herein occurred in the Northern district of Illinois, further the defendants are all doing business in the Northern district of Illinois and the

defendants Chicago Auto Recovery and Gary Roberts reside in the Northern District of Illinois.

## FACTS

4. On or January 26, 2006, the defendant Lassetter & Associates contacted the plaintiff through and by the US mails and by telephone, in an effort to collect a debt alleged to be due and owing on the plaintiff's automobile.

5. On or about February 8, 2006, the defendant Gary Roberts, an employee and servant of the defendant Chicago Auto Recovery, working at the direction of and in behalf of the defendant Lassetter & Associates, contacted the plaintiff for the stated purpose of recovering possession of the plaintiff's automobile and also to collect the past due amount of the debt alleged to be owed.

6. That the defendants, Gary Roberts and Chicago Auto Recovery were so employed by the defendant Lassiter & Associates to repossess the plaintiff's automobile and to collect the debt then alleged due and owing from the plaintiff.

7. That the defendant, Gary Roberts, by unauthorized means and without the plaintiff's permission or authority obtained information about and concerning the plaintiff's personal bank records, the plaintiff's personal cell phone records and contacted several of the plaintiff's friends and customers. During these contacts the defendant Gary Roberts told the plaintiffs friends and customers that the plaintiff was indebted and did not pay his debts, that the plaintiff was "uncreditworthy", and a "deadbeat" and they should not do business with him; further sought to obtain personal information from these contacts about the plaintiff without identifying himself as a debt collector or that any information

obtained would be used to collect a debt.. The plaintiff is a self-employed businessman.

8. That the defendant Gary Roberts, in his conversations with the plaintiff, told the plaintiff that he carried a gun and he "would use it if the plaintiff wanted to try something". The plaintiff was led to believe by these statements that the defendant intended to use violence and force to collect the debt. The defendant also stated that he knew about the plaintiff's bank accounts and bank balances, and discussed the amounts and deposits to confirm that he had that information and wanted the plaintiff to pay the debt or turn over the automobile. This course of conduct continued until and through March, 2006.

## THE FEDERAL CAUSE OF ACTION

9. Under section 1692b(2), of the federal Debt Collection Practices Act, any debt collector communicating with any person other than the consumer shall not state that such consumer owes any debt; under Section 1692c(b) without the prior consent of the consumer, a debt collector shall not communicate with third persons other than the creditor, the consumer or his attorney; under Section 1692d(1) a debt collector may not use or threaten the use of violence or other criminal means to harm any person; under section 1692e(5) a debt collector may not threaten to take any action that cannot be legally taken; under section 1692e(7) a debt collector may not use the false representation that the consumer committed any crime or other conduct in order to disgrace the consumer; under section 1692e(10) a debt collector may not use any false or deceptive means to collect any debt or to obtain information concerning a consumer.

10. That by reason of the foregoing facts, the defendants and each of them, by their agents, servants and employees, engaged in the collection of a consumer debt in violation of the aforesaid provisions in a particularly reprehensible manner contrary to 15 USCS 1692(b)(1), entitling the plaintiff to actual and statutory damages.

## THE STATE RELATED CLAIMS-COUNT II

11. That the defendants, by their agents, servants and employees, did during the period herein set forth, slander and defame the plaintiff, who they knew to be a self-employed businessman with the intention of harming and destroying the plaintiff's reputation.

12. That the defendants did, by their agents, servants and employees, communicate to the plaintiff's customers and business contacts that the plaintiff was a "deadbeat", that they "should not do business with him" as he was "untrustworthy as a businessman",

13. That the aforesaid communications about and concerning the plaintiff were untrue and were made and done intentionally and maliciously to defame, slander and harm the character and reputation of the plaintiff, as slander per se.

## COUNT III

14. Pursuant to the Illinois Constitution (1970) Art. 1, Section 6, the people are granted the right to be secure against invasions of privacy and pursuant to Art.1, Section 12, the people are entitled to a remedy.

15. That during the time period set forth above, the defendants, by their agents, servants and employees, did engage in several acts invading the privacy of the

plaintiff by intercepting the plaintiff's cell phone records, personal bank accounts and by communicating with the plaintiff's business contacts through the use of those records.

16. That the said invasions of privacy were done and intended to vex, annoy, and harass the plaintiff and to cause great emotional harm and damage to the plaintiff, by reason of which the plaintiff claims exemplary, punitive damages to punish and deter such conduct in addition to actual damages, in the sum of $100,000.00.

WHEREFORE, the plaintiff prays for actual damages suffered or incurred as provided by 15 USCS 1692k(a) and (b)(1), as well as judgment on the state related claims in the sum of $500,000.00; FURTHER for exemplary punitive damages in the sum of $100,000.00; and a reasonable attorneys fees to enforce liability as provided by 15 USCS 1692k(a)(3), plus costs.

/s/ _____
Roderick F, Mollison
Attorney for the plaintiff

RODERICK F. MOLLISON
205 North Michigan Avenue-40[th] flr.
Chicago, IL 60601
312-832-9200
ATT.NO. 1940309

5